Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JEAN MICHAEL BODNER VERGARA<br><br>Recurrido<br><br>v.<br><br>CYNTHIA S DEL VALLE GARCÍA<br><br>Peticionaria | KLCE202400766 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2022CV03894<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a de 23 julio de 2024.

Comparece la señora Cynthia Suheil Del Valle García, en adelante la señora Del Valle o la peticionaria, quien solicita que revoquemos la *Orden* emitida el 7 de junio de 2024 y notificada el 10 de junio de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala de Carolina, en adelante TPI, declaró no ha lugar la *Moción en Cumplimiento de Orden* de la peticionaria y, por consiguiente, autorizó el otorgamiento de un contrato de opción a compra de un bien inmueble perteneciente a la comunidad de bienes post ganancial, surgida a raíz de la disolución del vínculo matrimonial que existió entre las partes.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

Número Identificador
RES2024_____

**-I-**

Surge de los documentos que obran en el expediente, que el señor Jean Michael L. Bodner Vergara, en adelante el señor Bodner o el recurrido, presentó una *Demanda* sobre "liquidación extinta sociedad legal de gananciales" contra la señora Del Valle.[1] En síntesis, arguyó que su matrimonio con la peticionaria quedó disuelto desde el año 2019 y "no desea que los bienes permanezcan en estado de indivisión por lo que solicita se lleve[n] a cabo todos los procedimientos que requiere la ley para la coadministración, avalúo, liquidación y adjudicación de todos los bienes y deudas adquiridos durante el matrimonio". Así pues, reclamó créditos a su favor por haber asumido responsabilidades de la extinta sociedad legal de gananciales y el valor rentable ante el uso exclusivo por parte de la señora Del Valle de la propiedad inmueble ganancial.

Posteriormente, el recurrido presentó una *Urgentísima Moción en Solicitud de Determinación Judicial*.[2] Requirió al TPI emitir una orden en la que autorice firmar el contrato de opción de compra del bien inmueble ganancial sin la firma de la señora Del Valle, se evidencie el pago de $12,000.00 de los optantes, se revele la cuenta de depósito en garantía y se ordene a la peticionaria no obstruir el proceso de venta, ni causar daño alguno a la propiedad.[3]

Transcurridos varios trámites procesales que resulta innecesario pormenorizar para la resolución de la controversia ante nos, el señor Bodner presentó una *Solicitud para que se Dé por Sometido Incidente y para*

---

[1] Apéndice de la peticionaria, págs. 2-3.
[2] *Id.*, págs. 14-18.
[3] *Id.*, págs. 17-18.

*que se Dicte Determinación Judicial,* mediante la cual arguyó que en dos ocasiones solicitó la orden urgente sobre firma del contrato de opción de compraventa y, en ambas ocasiones, la señora Del Valle incumplió el término concedido por el TPI para expresarse. De modo que, peticionó al foro recurrido dar por sometido el incidente y concederle lo solicitado porque "está a punto de perder la posibilidad de que la comunidad de bienes obtenga sobre $100,000.00 de ganancia".[4]

Por su parte, la peticionaria presentó una *Moción en Cumplimiento de Orden*, en la que se opuso a la compraventa porque "solicita que el referido bien inmueble sea designado como el Hogar Seguro del menor habido entre las partes, de quien… ostenta la custodia monoparental".[5] Destacó, además, que solicitará reconsideración ante el Tribunal de Apelaciones porque denegó expedir su recurso de *certiorari* y así validó la concesión de unos créditos relacionados a la liquidación de la comunidad de bienes post ganancial a favor del recurrido.

En desacuerdo, el señor Bodner presentó una *Urgentísima Moción en Solicitud de Órdenes*, en la que reiteró los argumentos expuestos en la *Urgentísima Moción en Solicitud de Determinación Judicial.*[6] Además, adujo que los optantes ofrecen un poco más de la tasación del banco y debido a que lleva cuatro meses pagando la totalidad de la hipoteca, más la cuota de mantenimiento, solicitó al TPI ordenar a la peticionaria pagar la mitad de ambos pagos mientras la propiedad no se venda.

---

[4] *Id.,* págs. 41-42.
[5] *Id.,* págs. 43-44.
[6] *Id.,* págs. 45-51.

Con el beneficio de la comparecencia de ambas partes, el foro recurrido dictó una *Orden* en la que concedió cinco días a la señora Del Valle para mostrar causa "de por qué no debemos autorizar la firma del contrato… y ordenar la consignación del depósito… de $12,000 dólares".[7]

Oportunamente, la peticionaria presentó una *Moción en Cumplimiento de Orden* e insistió "en que el referido bien sea el hogar seguro de sus hijos y que el mismo se liquide luego de que los menores advengan a la mayoría de edad".[8] También, adujo que está "en la posición de pagar el 50% de la hipoteca que grava el referido bien inmueble a los fines de proteger el hogar seguro de los menores".

Evaluados los argumentos de ambas partes, el TPI declaró no ha lugar la *Moción en Cumplimiento de Orden* de la señora Del Valle, autorizó la firma del contrato de opción a compra y ordenó la consignación del dinero producto de dicho contrato.[9]

Nuevamente insatisfecha, la peticionaria presentó un *Certiorari* en el que alegó que el TPI cometió el siguiente error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR LA VENTA DEL BIEN INMUEBLE SOBRE EL CUAL LA RECURRENTE SE ENCUENTRA SOLICITANDO HOGAR SEGURO A FAVOR DE LOS MENORES [A] PESAR DE QUE AÚN NO EXISTE UNA SENTENCIA O RESOLUCIÓN FINAL, FIRME E INAPELABLE DENEGANDO EL DERECHO A HOGAR SEGURO DE LOS MENORES HABIDOS ENTRE LAS PARTES, DICHA CONTROVERSIA ESTARÁ SIENDO ELEVADA ANTE LA CONSIDERACIÓN DEL TRIBUNAL SUPREMO Y LA VENTA DEL INMUEBLE AL PRESENTE VIOLENTA EL DEBIDO PROCESO DE LEY.

---

[7] *Id.*, pág. 159.
[8] *Id.*, págs. 160-161.
[9] *Id.*, pág. 1.

El recurrido no presentó su escrito en oposición a la expedición del auto de *certiorari*, en consecuencia el recurso está perfeccionado y listo para adjudicación.

Luego de revisar el escrito de la peticionaria y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[10]

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal

---

[10] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).

de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[11] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[12] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[13]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación

---

[11] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

[12] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.

[13] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

indeseable en la solución final del litigio.

e. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[14]

**B.**

Por su importancia, la protección del concepto de "hogar seguro" fue incorporada en nuestra Constitución en la Sección 7 del Artículo II, la cual dispone que: "[l]as leyes determinarán un mínimo de propiedad y pertenencias no sujetas a embargos".[15] La pérdida del hogar familiar representa un duro golpe para cualquier familia. Dicha pérdida no sólo tiene implicaciones económicas, sino que tiene el potencial de afectar la estabilidad emocional de todos los miembros del núcleo familiar. Se trata, pues, de un asunto medular para la estabilidad de la institución más básica de nuestra sociedad y para cada puertorriqueño que con grandes sacrificios ha adquirido una residencia.[16]

Conforme a la Ley Núm. 195-2011, *supra*, el derecho de hogar seguro es irrenunciable y cualquier pacto en contrario se declarará nulo.[17] No obstante, el derecho a hogar seguro se entenderá renunciado en todos los casos donde se obtenga una hipoteca, que grave la propiedad protegida.[18]

El mencionado estatuto, también dispone que comenzará a regir inmediatamente después de su aprobación y la protección aquí dispuesta será de aplicación prospectiva. A los casos que estén

---

[14] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[15] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.
[16] Exposición de Motivos de la Ley Núm. 195-2011.
[17] Art. 4 de la Ley Núm. 195-2011 (31 LPRA sec. 1858a).
[18] *Id.*

presentados en el Tribunal antes de la vigencia de esta Ley, cuando les sea aplicable, le aplicará la protección de hogar seguro, según lo dispuesto en la Ley Número 87 de 13 de mayo de 1936, según enmendada.[19]

Al respecto de la aplicabilidad de la Ley Núm. 195-2011, *supra*, el Tribunal Supremo de Puerto Rico ha reiterado que "no aplica a casos presentados previo a su vigencia. Ello incluye los casos en que la ejecución de la sentencia se lleva a cabo luego de la promulgación del estatuto, si la demanda fue presentada con anterioridad a que este entrara en vigor".[20]

## C.

Por otro lado, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[21] Conviene destacar que "la discreción se fundamenta [,entre otras,] en el contacto con los litigantes y la prueba que se haya presentado"[22] ante el foro sentenciador. Por esta razón, se presume que el Tribunal de Primera Instancia conoce mejor las particularidades del caso y está en mejor

---

[19] Art. 17 de la Ley Núm. 195-2011 (31 LPRA sec. 1858 nota).
[20] *Money´s People, Inc. v. López Llanos*, 202 DPR 889, 912 (2019).
[21] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, 213 DPR __ (2023); *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 497 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[22] *Citibank v. ACBI et al.*, *supra*, pág. 736.

posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[23]

De modo que, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[24]

**-III-**

En síntesis, la peticionaria alega que la *Orden* recurrida violenta su debido proceso de ley y su interés propietario en el bien inmueble en controversia. Por lo tanto, solicita que se deje sin efecto hasta la adjudicación final de la controversia sobre el hogar seguro reclamado a favor de los hijos menores de edad de las partes.

Por tratarse de una decisión judicial que podría estar relacionada con un caso de familia, la Regla 52.1 de Procedimiento Civil nos faculta a revisarla. En consecuencia, acogemos el recurso y bajo dicho parámetro pasamos a adjudicarlo.

Sin embargo, luego revisar de los escritos de las partes y los documentos que obran en autos, resolvemos que ni el remedio ni la disposición recurrida son contarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*. Además, tampoco se configura ninguna de las circunstancias que justifican

---

[23] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al,* 185 DPR 288, 306-307 (2012). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, *supra*.
[24] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).

la expedición del auto bajo cualquier otro de los fundamentos de la Regla 40 de nuestro Reglamento.

Finalmente, la *Orden* recurrida es una determinación sobre manejo del caso, que no constituye un craso abuso de discreción y, en ausencia de prejuicio, parcialidad o error en la interpretación de una norma sustantiva o procesal, amerita nuestra deferencia.

**-IV-**

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones